TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6920
     Facsimile: (213) 894-0141
     E-mail:    keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-38-DSF |
|---|---|
| Plaintiff, | **STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PURSUANT TO THE SPEEDY TRIAL ACT** |
| v. | |
| BRADFORD SHEPLEY, | **CURRENT TRIAL DATE:    07-20-2021** |
| Defendant. | **PROPOSED TRIAL DATE:   11-02-2021** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Keith D. Ellison, and defendant Bradford Shepley ("defendant"), by and through his counsel of record, Victor Sherman, hereby stipulate as follows:

1.  The Indictment in this case was filed on January 17, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on February 6, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 16, 2020.

2. On February 6, 2020, the Court set a trial date of March 31, 2020.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately five days.

4. The Court has previously continued the trial date in this case from March 31, 2020, to July 20, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to November 2, 2021, and the pretrial conference and motions hearing date to September 6, 2021. This is the fourth request for a continuance.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with violations of 21 U.S.C. §§ 846 (Conspiracy to Distribute Heroin) and 841(a)(1), (b)(1)(C) (Distribution of Heroin Resulting in Death). The government has produced discovery to the defense, including approximately 150 pages of written reports and other documents, more than 100 photographs, four audio recordings, and nine video files, as well as discovery from the related case in which defendant was recently convicted, United States v. Shepley, CR 17-764-PA. The government is presently assisting defendant to obtain a blood sample in the possession of a third-party laboratory for further analysis.

    b. Defense counsel is presently scheduled to be in the following trials: (1) United States v. Hung, et al., CR 15-103-ODW, a multi-defendant fraud trial, on May 4, 2021, which is expected to

last approximately one week; (2) United States v. Eccleston, CR 19-448-MWF, a three-defendant drug conspiracy trial, on May 25, 2021, which is expected to last approximately one week; (3) United States v. Bai, CR 20-621-AB, a single-defendant fraud trial, set July 13, 2021, which is expected to last one week; (4) United States v. Gonzalez, CR 20-348-SVW, a single-defendant fraud trial, on June 15, 2021, which is expected to last approximately one week; (5) United States v. Debora, CR 20-151-ODW, a single-defendant drug possession trial, on August 10, 2021, which is expected to last approximately one week; and (6) United States v. Guerra, CR 20-373-JAK, a single-defendant drug trial, on September 14, 2021, which is expected to last one week.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c.   In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   On April 21, 2021, defendant filed a motion for discovery of medical records (Dkt. 47) and a motion to dismiss count

two of the Indictment (Dkt. 48). The motions remain pending before the Court, and are scheduled to be heard on May 24, 2021.[1]

    e. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

7. Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02 (Mar. 13, 2020).

    b. The suspension of jury trials was one of the many health and safety restrictions adopted in response to COVID-19. During the pandemic, the Court has imposed limitations on access to Court facilities, suspended grand jury proceedings, and maximized the use of video-teleconference and telephonic hearings. See, e.g., C.D. Cal. General Order No. 20-03 (Mar. 13, 2020); C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020); C.D. Cal. Order of the Chief Judge No. 20-043 (Mar. 29, 2020); C.D. Cal. Order of the Chief Judge No. 20-044 (Mar. 31, 2020); C.D. Cal. General Order No. 20-08 (May 28, 2020); C.D. Cal. General Order No. 20-09 (Aug. 6, 2020); C.D. Cal. Order of the Chief Judge No. 20-179 (Dec. 7, 2020); C.D. Cal. Order of the Chief Judge No. 21-002 (Jan. 6, 2021); C.D.

---

[1] Defendant is also requesting a continuance of the presently scheduled motions hearing to September 6, 2021, due to defendant's witnesses' pre-existing conflicts.

4

Cal. Order of the Chief Judge No. 21-031 (Mar. 16, 2021); C.D. Cal. General Order No. 21-03 (Mar. 19, 2021).

        c.    The Court's orders were based on the California Governor's declaration of a public-health emergency in response to COVID-19 and the Centers for Disease Control's guidance to reduce exposure to the virus and slow its spread. See, e.g., General Order 20-02, at 1; Chief Judge Order 20-042, at 1-2; General Order 20-09, at 1. Local conditions necessitated an especially robust response. California has reported over 3.6 million COVID-19 cases and approximately 60,000 deaths. See https://covid19.ca.gov/state-dashboard/. The Central District of California has been one of the hardest hit areas in the nation, with over 2 million reported cases and approximately 40,000 deaths. See https://www.nytimes.com/interactive/2021/us/california-covid-cases.html. State and local orders at various times during the pandemic have required residents to stay home, prohibited travel, closed businesses, and suspended in-person schooling. See, e.g., California Executive Order N-33-20 (Mar. 19, 2020); Safer at Home, Public Order Under City of Los Angeles Emergency Authority (Mar. 19, 2020); California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020); Blueprint for a Safer Economy, https://covid19.ca.gov/safer-economy/. At the height of the pandemic, ICU availability in the Central District of California dropped to 0.0%. Chief Judge Order 21-002, at 1.

        d.    The Federal Bureau of Prisons (BOP) has likewise adopted aggressive procedures to protect federal inmates and combat the spread of COVID-19. The BOP's response has included facility lockdowns, quarantine and isolation measures, restrictions on inmate movement and visitation, and a nationwide vaccination campaign.

    e. Given these facts, the Central District suspended jury trials to protect public health, reduce the size of public gatherings, and avoid unnecessary travel. See General Order 20-09, at 1. Now, based on improving conditions and data trends documented in accordance with California's Blueprint for a Safer Economy, the Central District has entered the final phase (Phase 3) of its phased reopening plan. In the Southern Division, jury trials will resume on May 10, 2021. C.D. Cal. General Order No. 21-07, at 3 ¶ 3(a) (Apr. 15, 2021). In the Western and Eastern Divisions, jury trials will resume on June 7, 2021. See id., at 3 ¶ 3(b).

    f. As these measures reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history. The COVID-19 pandemic has required people to take extreme measures to limit contact, and the Central District of California suspended jury trials to safeguard public health. Jury trials have not yet resumed, and even once they do, there will be a substantial backlog of cases that have been continued to protect the public. Moreover, the Central District has designed COVID-related jury trial protocols "to protect the health and safety of all trial participants," and those protocols will limit the number of jury trials that can be conducted simultaneously. General Order 21-07, at 2-3 ¶ 4.

    g. Based on continued public health concerns and the adoption of safety protocols that will limit the number of jury trials in order to maintain social distancing and protect all trial participants, a continuance of the trial date in this matter will serve the ends of justice and outweigh the interests of the public and defendant in a speedy trial. The parties stipulate to that fact, and it is consistent with the Central District's finding.

General Order 21-07, at 3 ¶ 4.  The parties further stipulate that under the extraordinary circumstances of the COVID-19 pandemic, the requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation by counsel, or any failure on the part of the government to obtain available witnesses.  The government does not object to the request for a continuance.

   h. Failure to grant the requested continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury, which is central to the sound administration of justice.  Failure to grant a continuance would also likely put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at risk.

  8. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of July 20, 2021, to November 2, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence

7

9. In addition, the parties agree that the time period of April 21, 2021, to the resolution of defendant's motions, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion, from the filing of the motion through the prompt resolution of the motion.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence

IT IS SO STIPULATED

Dated: April 29, 2021              Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                          /s/
                                   KEITH D. ELLISON
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

Dated:                             _____
                                   VICTOR SHERMAN

                                   Attorney for Defendant
                                   BRADFORD SHEPLEY

## DECLARATIONS

I am Bradford Shepley's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 2, 2021, is informed and voluntary.

_____    Date 4/29/21
VICTOR SHERMAN
Attorney for Defendant
BRADFORD SHEPLEY

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 2, 2021.

_____    Date 4/29/21
BRADFORD SHEPLEY
Defendant