E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
KEITH D. ELLISON (Cal. Bar No. 307070)
Assistant United States Attorney
International Narcotics, Money
 Laundering, and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6920
     Facsimile: (213) 894-0141
     E-mail:    keith.ellison2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-38-DSF |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT BRADFORD SHEPLEY |
| v. | |
| BRADFORD SHEPLEY, | |
| Defendant. | |

1.   This constitutes the plea agreement between Bradford Shepley ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a lesser-included

offense in Count One of the Indictment in <u>United States v. Bradford Shepley</u>, CR No. 20-38-DSF, which charges defendant with Conspiracy to Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).

   b. Not contest facts agreed to in this agreement.

   c. Abide by all agreements regarding sentencing contained in this agreement.

   d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

   e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

   f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

   g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

   h. At the time of sentencing, recommend that defendant be sentenced to a term of imprisonment no lower than 186 months after the application of any downward departure pursuant to U.S.S.G. § 5K2.23.

THE USAO'S OBLIGATIONS

 3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

2

   c. At the time of sentencing:

     i. Provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

     ii. Recommend the Court apply a 24-month downward departure pursuant to U.S.S.G. § 5K2.23 to account for defendant's discharged sentence of imprisonment in <u>United States v. Shepley</u>, CR 17-764-PA.

     iii. Recommend that defendant be sentenced to a term of imprisonment no higher than 186 months after the application of any downward departure pursuant to U.S.S.G. § 5K2.23.

     iv. Move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charge in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. Move to dismiss the information filed against defendant on May 10, 2021, pursuant to Title 21, United States Code, Section 851. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed information in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of Conspiracy to Possess with Intent to Distribute Heroin, in violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(C), a lesser-included offense in Count One of the Indictment, the following must be true: (1) beginning on an unknown date and continuing until on or about November 28, 2017, there was an agreement between two or more persons to possess with the intent to distribute heroin; and (2) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

5. Defendant understands that for defendant to be subject to the statutory maximum sentence set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute or possess with intent to distribute a Schedule I or II controlled substance. Defendant admits that defendant, in fact, conspired to possess with intent to distribute heroin, a Schedule I narcotic drug controlled substance.

## PENALTIES

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a lifetime term of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. Defendant understands that but for the government's agreement to dismiss the information filed against defendant on May 10, 2021, pursuant to Title 21, United States Code, Section 851, alleging defendant's prior conviction for a felony drug offense, the maximum sentence that the

4

1 Court can impose for a violation of Title 21, United States Code,
2 Sections 846, 841(a)(1), (b)(1)(C), is: 30 years' imprisonment; a
3 lifetime period of supervised release; a fine of $2,000,000 or twice
4 the gross gain or gross loss resulting from the offense, whichever is
5 greatest; and a mandatory special assessment of $100.

6     7.    Defendant understands that for a violation of Title 21,
7 United States Code, Sections 846, 841(a)(1), (b)(1)(C), the Court
8 must impose a term of supervised release of at least three years in
9 addition to any term of imprisonment imposed. Defendant understands
10 that but for the government's agreement to dismiss the information
11 filed against defendant on May 10, 2021, pursuant to Title 21, United
12 States Code, Section 851, alleging defendant's prior conviction for a
13 felony drug offense, for a violation of Title 21, United States Code,
14 Sections 846, 841(a)(1), (b)(1)(C), the Court must impose a term of
15 supervised release of at least six years in addition to any term of
16 imprisonment imposed.

17     8.    Defendant understands that supervised release is a period
18 of time following imprisonment during which defendant will be subject
19 to various restrictions and requirements. Defendant understands that
20 if defendant violates one or more of the conditions of any supervised
21 release imposed, defendant may be returned to prison for all or part
22 of the term of supervised release authorized by statute for the
23 offense that resulted in the term of supervised release, which could
24 result in defendant serving a total term of imprisonment greater than
25 the statutory maximum stated above.

26     9.    Defendant understands that, by pleading guilty, defendant
27 may be giving up valuable government benefits and valuable civic
28 rights, such as the right to vote, the right to possess a firearm,

5

the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an

absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date and continuing until on or about November 28, 2017, defendant and others, including co-conspirators Jonathan Lowe and Arielle Tepel, conspired and agreed with each other to knowingly and intentionally possess with intent to distribute heroin. More specifically, defendant would obtain heroin to sell to customers. Co-conspirator Lowe would contact defendant to obtain heroin for further distribution. Co-conspirator Lowe would arrange to sell the heroin supplied by defendant to customers. Co-conspirator Tepel would drive co-conspirator Lowe to meet defendant to obtain the heroin before driving to pre-arranged locations so that co-conspirator Lowe could sell the heroin to customers.

Prior to November 5, 2017, in furtherance of the conspiracy and to accomplish its objects, defendant obtained heroin to sell to customers. On or about November 4, 2017, co-conspirator Lowe and

K.S. exchanged text messages in which they used coded language to arrange for co-conspirator Lowe to sell heroin to K.S.  On or about November 5, 2017, defendant provided heroin to co-conspirator Lowe to distribute to K.S.  Co-conspirator Tepel drove defendant and co-conspirator Lowe to the parking lot of a Target retail store located in Westlake Village, California, to meet K.S. for the transaction. Co-conspirator Lowe then sold the heroin to K.S. in defendant's presence.  This narcotics transaction was captured by the retail store's security cameras.  After co-conspirator Lowe sold the heroin to K.S., co-conspirator Lowe provided defendant with payment for the heroin.

On or about November 6, 2017, K.S. used the heroin that defendant provided to co-conspirator Lowe.  K.S.'s death and serious bodily injury resulted from the use of such heroin.  Specifically, K.S., who was 23-years-old, overdosed on the heroin in his bedroom at his parent's house.  The medical examiner concluded that K.S. died as a result of heroin intoxication.

## SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate up to the maximum set by statute for the crime of conviction.

14. Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that the defendant committed a separate violation of 21 U.S.C. § 841(b)(1)(C) (distribution of controlled substances resulting in death), in that, on or about November 5, 2017, the defendant knowingly and intentionally distributed heroin, the use of which resulted in the death of K.S., and that such overdose death resulting from the defendant's distribution of heroin constitutes a more serious offense than the offense of conviction for purposes of calculating the applicable Sentencing Guidelines offense level. Accordingly, pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a) and 1B1.2(c), the parties stipulate that the Court should calculate the Sentencing Guidelines as if defendant had been convicted of the offense described in this paragraph and apply a base offense level 38. The parties further stipulate that application of such a base offense level, which is greater than the base offense level that would otherwise apply, is independently supported by U.S.S.G. § 5K2.1. Defendant will not recommend, argue, or otherwise suggest that the court impose a base offense level other than 38.

15. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Except as limited by paragraphs 2.h. and 3.c.iii. above, defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines

based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

18. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

   h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

WAIVER OF APPEAL AND COLLATERAL ATTACK

20. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective

assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

22. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug felony that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a serious drug felony that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

28. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

31. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

15

promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*/s/ Keith D. Ellison*　　　　　　　　　　4/11/2023
KEITH D. ELLISON　　　　　　　　　　　　Date
Assistant United States Attorney

*/s/ Bradford Shepley*　　　　　　　　　4/10/23
BRADFORD SHEPLEY　　　　　　　　　　　Date
Defendant

*/s/ Victor Sherman*　　　　　　　　　　4/10/23
VICTOR SHERMAN　　　　　　　　　　　　Date
VICKI I. PODBERESKY
Attorneys for Defendant
BRADFORD SHEPLEY

16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  4/10/23
BRADFORD SHEPLEY                 Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Bradford Shepley's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     4/10/23
VICTOR SHERMAN                      Date
VICKI I. PODBERESKY
Attorneys for Defendant
BRADFORD SHEPLEY